UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID W. LEE,<br><br>    Plaintiff,<br>v.<br><br>COHEN & SLAMOWITZ, LLP<br><br>    Defendant. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff David W. Lee, by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## JURISDICTION AND VENUE

1. The Plaintiff seeks redress for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"), and New York General Business Law §349.

2. This action arises primarily out of the Defendant's violations of the FDCPA against the Plaintiff and class members. Pursuant to 15 U.S.C. §1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

3. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.

1

4. Pursuant to 28 U.S.C. §1391(b), venue is proper in this District, as the Defendant transacts business in this District and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6. Plaintiff David W. Lee is an adult individual residing in New York and is a "consumer" as the term is defined by 15 U.S.C. §1692a(3). The Plaintiff also falls within the category of "any person" as described in 15 U.S.C. 1692(b) (also referred to in the FDCPA as "§804. Acquisition of location information").

7. Defendant Cohen & Slamowitz, LLP, is a law firm that specializes in the collection of consumer debts and is a "debt collector" pursuant to 15 U.S.C. §1692a(6).

8. Defendant Cohen & Slamowitz, LLP, is a domestic limited liability partnership with a principal executive office at 199 Crossways Park Drive, P.O. Box 9004, Woodbury, NY 11797-9004.

9. All the described actions by the Defendant occurred through its efforts to collect a debt in the approximate amount of $2,000 (hereinafter "Debt") purportedly owed to creditor (hereinafter "Creditor"). Upon information and belief, this Debt was purchased, assigned, or transferred by the Creditor to the Defendant, or the Defendant was employed by the Creditor to collect the purported Debt.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. From about June of 2012 to February of 2014, the Defendant placed approximately fifteen (15) automatically-dialed calls to the Plaintiff's place of work. Several calls were received on the Plaintiff's cellular phone. All such calls contained an artificial, pre-recorded message. The content of these messages was as follows:

> This messages is for David Lee. If we have the wrong number for this person please contact us at 1-516-368-8600 to remove your phone number. Again, the number is 1-516-368-8600. If we have reached the right number but you are not David Lee please do not listen to this message as it is not intended for you. If you are David Lee please continue to listen to this message. You should not listen to this message now if other people can hear it as it contains personal and private information. This message is from Cohen & Slamowitz. Kindly return my call at 1-866-542-8950. Please note that this communication is from a debt collector. Any information obtained will be used for that purpose. Thank you.

12. All the above-stated calls were made without the consent of the Plaintiff.

13. Upon information and belief, all calls were made using an automatic dialer.

14. In the fall of 2012, the Plaintiff received a call from a male person. Without providing any introduction or explanation, this person immediately asked the Plaintiff for his social security number and date of birth. The caller did not disclose who he was or where he was calling from. The Plaintiff stated that he cannot provide this information without knowing the identity of the person calling and the reason for the inquiry. The caller answered that he was just checking some information about an account and asked for the information again. In response, the Plaintiff said that he cannot disclose his social security number and date of birth without knowing the identity of the caller and the reason for the call. Thereafter, the caller said he was calling about an account with a creditor that had an outstanding amount of approximately $2,000.00.

15. After the above-stated caller disclosed that he was calling about an outstanding account, the Plaintiff said that he does not owe any outstanding debts. The caller then asked the

Plaintiff if he was born in 1959. The Plaintiff responded, "no." The Plaintiff then asked the caller not to call him again. The caller then said that the Plaintiff would be removed from the calling list and then hung up.

16. The above-stated caller did not identify his name. The above-stated caller did not identify the company he was calling from even after he was asked by the Plaintiff. Upon information and belief, this caller was the Defendant's employee or agent.

17. After the caller stated that the Plaintiff's name would be taken off the calling list, the artificial, pre-recorded messages described in paragraphs ¶¶11-13, *supra*, continued. Upon information and belief, the Plaintiff was never taken off any calling list.

18. On or about November 20, 2013, the Plaintiff received another call. Like the call described in paragraphs ¶¶14-17, this caller immediately asked the Plaintiff for his social security number and date of birth. The caller asked for this information without disclosing who she was or where she was calling from or what the call was about.

19. The Plaintiff answered the above-stated caller by asking, "are you calling from Cohen & Slamowitz?' The caller did not answer the question and merely stated "I have some things to verify with you regarding an account . . ." When the Plaintiff again asked the caller if she was calling from "Slamowitz" she reluctantly admitted that she was (though she did not disclose her own identity). The Plaintiff then explained that the account does not belong to him and he cannot disclose information over the telephone without receiving a written document about the Debt. When the Plaintiff asked the caller if she could provide him with a written document about the Debt, she said "no" and thereafter hung up the telephone abruptly.

20. The Plaintiff never received any written document by the Defendant. The Defendant failed to send the Plaintiff a validation notice as required by 15 U.S.C. §1692g(a).

21. Several months after the above-stated call (*see* paragraphs ¶¶18-19), the Plaintiff started receiving more artificial, pre-recorded calls from the Defendant. The calls were similar or identical to the calls described in paragraphs ¶¶11-13, *supra*. The last such call was placed on February 2, 2014.

22. Throughout the last several years, the Defendant has been harassing the Plaintiff by repeatedly placing calls to him at his place or work. This harassment has been part of a large-scale collection tactic whereby the Defendant continuously calls a large number of people with the same name (here "David Lee") until the actual debtor responds. This roundabout collection tactic harms a large number of people, including the Plaintiff, without justification or excuse.

## CLASS ACTION DEFINITIONS AND ALLEGATIONS

23. Causes of action alleged in this Complaint for Count I, *infra*, are brought on behalf of the Plaintiff and the members of similarly situated classes. The Plaintiff proposes classes to be defined as follows:

   a. **Class A: All persons who reside in the State of New York that were contacted by the Defendant within one year preceding the filing of this Complaint *via* the artificial, pre-recorded message(s) described in paragraph ¶11, *supra*.**

      i. The pre-recorded message violates 15 U.S.C. 1692c(b), *inter alia*. The message is relayed in two different artificially pre-recorded voices. The name "David Lee" is inserted into the message with a different artificial voice than the rest of the message. The message instructs anyone named "David Lee" to continue to listen to the message (even though the person listening to the message may not

5

be the correct "David Lee").  Given that any person who is named "David Lee" is instructed to listen to the full message, the message implies that anyone named "David Lee" owes the Debt.

b. **Class B: All persons named "David Lee" or "David W. Lee" who were contacted by the Defendant within one year preceding the filing of this Complaint.**  This class is limited to persons who were subject to any violation described in Count I, *infra*.

24. Pursuant to Federal Rule of Civil Procedure 23, a class is appropriate and preferable in this case because:

    a. Based on the fact that routine telephone calls *via* a standardized pre-recorded message are at the heart of class claims, the class is so numerous that joinder of all members is impracticable.  The Defendant's general collection tactics, described in paragraph ¶22 are also at issue in connection with Class B.  Upon information and belief, Class B is so numerous that joinder of all members is impracticable.

    b. The claims of the Plaintiff for specified causes of action are typical of those of the defined class members.  All the claims that would fall within the class definitions are based on the same facts and legal theories.

    c. The Plaintiff will fairly and adequately represent the class members' interests.  The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

    d. There are questions of law and fact common to the classes and these questions predominate over any questions affecting only individual class

    members. The principal questions presented by class claims are whether the Defendant's standardized calls and general collection tactics violate the FDCPA.

e. Identification of the persons that were contacted by the Defendant *via* the standardized messages is a matter that can best be determined from the Defendant's records. Identification of the persons named "David Lee" or "David W. Lee" that were contacted by the Defendant is a matter that can best be determined from the Defendant's records.

f. The precise number of consumers in Classes A and B are unknown at this time and can only be discerned through discovery. However, upon information and belief, the Defendant is hired by numerous creditors to collect on alleged debts regarding the accounts of hundreds or thousands consumers in New York and elsewhere. Therefore, the members of the classes are believed to be so numerous that joinder of all members is impractical.

    1. Upon information and belief, the Defendant routinely employs a debt collection tactic that involves calling numerous persons with the same name until the correct person responds. This method discloses account information to numerous third parties. Many such third parties with the same name are thereby harassed.

g. The claims of the Plaintiff for the specified causes of action are typical of those of the class members. All are based on the same facts and legal theories.

h. The Plaintiff's interests are consistent with those of the members of the classes.

i. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically provided, at 15 U.S.C. §1692k, for the commencement of class actions as a means of enforcing the FDCPA.

j. Absent a class action, most members of the classes would find the cost, time, and ability of engaging in protracted litigation prohibitive. Absent a class action, the Defendant will likely continue to engage in the behavior described herein.

k. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

l. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants and other debt collectors.

  m. The amount of damages at issue is such that proceeding by way of a class action is the most economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the classes.

**Plaintiff Suffered Actual Damages as a Result of the Defendant's Actions**

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct. The Defendant's repeated calls to his place of work caused stress, anger, embarrassment, all of which thereby interfered with the Plaintiff's work duties.

27. As a direct consequence of the Defendant's acts, practices, and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and embarrassment. The Plaintiff also suffered financial loss as a result of the continued calls to his place of work which disrupted his work performance.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendant violated 15 U.S.C. §1692b(1) in that the Defendant's agent a) did not identify himself/herself and b) did not identify his/her employer when requested to do so.

30. The Defendant violated 15 U.S.C. §1692b(3) by communicating with the Plaintiff more than once. The Defendant had no reason to believe that any responses by the Plaintiff were erroneous or incomplete.

31. The Defendant's conduct violated 15 U.S.C. §1692c(a)(1) in that Defendant repeatedly called the Plaintiff at his place of work over the course two years. The Defendant knew, or should have known, that calls were being made to an inconvenient place.

32. The Defendant's conduct violated 15 U.S.C. §1692c(a)(3) in that Defendant repeatedly called the Plaintiff at his place of work over the course of two years. The Defendant knew, or should have known, that repeated calls to the Plaintiff's place of work were prohibited.

33. The Defendant's conduct violated 15 U.S.C. §1692c(c) in that the Defendant continued to communicate with the Plaintiff even after being asked not to do so.

34. The Defendant's conduct violated 15 U.S.C. §1692d in that Defendant repeatedly called the Plaintiff at his place of work over the course two years a) even after being asked not to do so, b) even after informing the Plaintiff that he would be taking off the calling list, and c) even after verifying that the Plaintiff does not owe the purported Debt.

35. The Defendant's conduct violated 15 U.S.C. §1692d(5) in that Defendant caused the Plaintiff's telephone to ring continuously and engaged in repeated communications that were intended to annoy, abuse, and harass the Plaintiff.

36. The Defendant's conduct violated 15 U.S.C. §1692d(6) in that Defendant repeatedly placed calls to the Plaintiff without any meaningful disclosure.

37. The Defendant's conduct violated 15 U.S.C. §1692e(10) in that Defendant's persistent and harassing demands for private information (including social security numbers and date of birth information) amounted to a deceptive means to collect or attempt to collect a debt.

38. The Defendant's conduct violated 15 U.S.C. §1692f in that Defendant used an unfair and unconscionable means to collect a debt.

39. The Defendant's failure to provide the Plaintiff with a validation notice violated 15 U.S.C. §1692g(a).

40. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

41. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## DEFENDANT'S VIOLATIONS OF
## THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227, et seq.

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Upon information and belief, the Defendant used an automatic dialing system to place calls to the Plaintiff. An automatic dialing system is defined in 47 U.S.C. §227(a)(1) as equipment that has the capacity to dial and "to store or produce numbers to be called, using a random or sequential number generator."

44. The Defendant's conduct violated 47 U.S.C. §227(b)(1)(A)(iii) in that the Defendant used an automatic dialing system to call the Plaintiff. Several calls from the Defendant were received on the Plaintiff's cellular phone. The Plaintiff had never provided express permission to the Defendant to receive calls on his cellular phone.

45. The foregoing acts and omissions of the Defendant constitute a clear and manifest violation of the TCPA.

46. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT III
## DEFENDANT'S VIOLATIONS OF
## NEW YORK GENERAL BUSINESS LAW §349

47. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. New York General Business Law §349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

49. By acting as a debt collection law firm, the Defendant conducts "business" or provides a "service" within the meaning of New York General Business Law §349.

50. The Defendant engaged in deceptive acts and practices by virtue of the acts and omissions described in paragraphs ¶¶10-27. The aforementioned acts and omissions by the Defendant 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

51. By reason of the conduct alleged above, the Defendant engaged in deceptive conduct in violation of New York General Business Law §349.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Awarding the Plaintiff actual damages (pursuant to 15 U.S.C. §1692k(a)(1)) including, but not limited to, the emotional distress and financial loss the Plaintiff has suffered and continues to suffer as a result of the intentional, reckless, and/or negligent conduct committed by the Defendant;

2. Awarding the Plaintiff and class members statutory damages pursuant to 15 U.S.C. §1692k;

3. Awarding the Plaintiff the greater of a) actual monetary loss, or b) $500.00 (for each call placed in violation of the TCPA), pursuant to 47 U.S.C. §227(c)(5) against the Defendant;

4. Awarding the Plaintiff actual and/or statutory damages pursuant to New York General Business Law §349 against the Defendant;

5. Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and

6. Granting such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated:  February 10, 2014

Respectfully submitted,

By:  /s/ Hashim Rahman
Hashim Rahman, Esq.
Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax: (347) 382-9457